UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT CISNEROS, | Case No. CV 10-4940-PJW |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal from a decision by Defendant Social Security Administration ("the Agency"), denying his application for Disability Insurance benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff claims that the Administrative Law Judge ("ALJ") erred in finding that he was not credible. For the reasons explained below, the Court concludes that the ALJ erred and remands the case to the Agency for further consideration.

## II. SUMMARY OF PROCEEDINGS

On October 6, 2006, Plaintiff applied for DIB and SSI, alleging that he had been unable to work since January 1, 1990, due to arthritis, hepatitis C, and osteoporosis. (Administrative Record

("AR") 115-20, 129, 133.)  His claim was denied initially and on reconsideration.  He then requested and was granted a hearing before an ALJ, at which he appeared and testified.  (AR 25-58.)  On September 2, 2008, the ALJ issued a decision denying benefits.  (AR 12-22.) Plaintiff appealed to the Appeals Council, which denied review.  This appeal followed.

### III. DISCUSSION

Plaintiff's only claim is that the ALJ erred in finding him not credible.  For the following reasons, the Court agrees.[1]

ALJs are tasked with judging the credibility of witnesses.  In making credibility determinations, they employ ordinary credibility evaluation techniques.  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  Where a claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce the symptoms alleged and there is no evidence of malingering, the ALJ can only reject the claimant's testimony for specific, clear, and convincing reasons that are supported by substantial evidence in the record.  *Id.* at 1283-84; *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Plaintiff testified that his right shoulder and left elbow "pop out" and are painful; that his left shoulder and neck are always sore; that his right hand gets numb; that his back "once in a while" goes out, forcing him to sit or lay down; that his left foot swells up when

---

[1] The Joint Stipulation is 17 pages long. Plaintiff sets out at page three that he is only challenging the ALJ's credibility finding and argues throughout the brief why he thinks the ALJ erred.  In footnote two on page five, however, he argues that the ALJ erred when he found that Plaintiff's foot, shoulder, and migraine headaches were not severe impairments.  This claim is rejected on procedural grounds. Plaintiff cannot bury an argument in a footnote on page five of a 17-page brief and expect the Court to address it on the merits.

he walks because his big toe does not bend properly; and that he suffers on-and-off from migraines lasting for at least an hour at a time, during which he must lie down and apply cold packs to his head. (AR 36-40.) He also testified that his hepatitis makes him tire easily. (AR 42.)

The ALJ determined that Plaintiff was not credible because: (1) he was not using narcotic medication to treat his alleged severe pain and had not sought a stronger prescription; (2) he did not report any adverse side effects from the medication that he was using; (3) he failed to report for a consultative examination and failed to offer a satisfactory reason for doing so; (4) he has a history of incarceration; (5) his daily activities, other than overhead lifting, are not compromised by his impairments; (6) his demeanor at the hearing was inconsistent with his alleged limitations; (7) he is not being seen by a mental health professional; (8) he worked as a furniture mover for ten years during the period of alleged disability; (9) he failed to disclose to the Agency in the application process that he had worked as a furniture mover; and (10) he failed to report his earnings from his job as a furniture mover to the IRS. (AR 20.) The Court addresses each in order.

1. <u>Failure to Use Stronger Pain Medication</u>

The ALJ found that Plaintiff was not using narcotic pain medication for his "allegedly severe pain" and had not sought a stronger prescription from his doctors. (AR 20.) In his view, this showed that Plaintiff's allegations of debilitating pain were not entirely credible. (AR 20.)

Though a claimant's failure to use strong pain medication to treat allegedly disabling pain is a legitimate reason for discounting

a claimant's credibility, *see, e.g.*, *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (approving ALJ's discounting of claimant's testimony that impairment was severe where claimant treated impairment with over-the-counter medication), the ALJ's finding here that Plaintiff was not using strong medication is not supported by the record. As the ALJ noted elsewhere in his decision, Plaintiff had been taking Vicodin to control his pain and had at times been prescribed other medications, including Butalbital, a barbiturate prescribed for pain and headaches, and Hydrocodone and Tramadol, narcotic analgesics used to treat moderate to severe pain. (AR 19.) Plaintiff testified that he continued to take Tramadol three times a day. (AR 44.) Thus, Plaintiff was taking what appears to be fairly strong medication for his symptoms and there is no evidence that stronger medication had been recommended but Plaintiff chose not to take it. Moreover, the ALJ did not address Plaintiff's testimony that he could not take stronger medication for his migraines because of liver and his stomach problems. (AR 40.) As such, the Court does not find this reason for questioning Plaintiff's credibility to be convincing.

   2.   <u>Lack of Side Effects</u>

   The ALJ questioned Plaintiff's credibility based on the fact that his condition was controllable with medications and he had not reported adverse side effects from the medication. (AR 20.) Though these are valid reasons for questioning a claimant's testimony, *see* 20 C.F.R. § 416.929(c)(3)(iv); Social Security Ruling 96-7p (fact that a claimant's medical condition can be controlled with medication that does not cause side effects can be considered by the ALJ in determining whether a claimant is credible); *Orteza v. Shalala*, 50

F.3d 748, 750 (9th Cir. 1995) (holding ALJ was permitted to consider the lack of evidence of side effects from prescription medication in discrediting claimant's testimony), they are not fully supported by the record.  Plaintiff reported that his use of Naproxen caused drowsiness.  (AR 153-54.)  It is also not clear that Plaintiff's condition was completely controlled by his medication or that he could take stronger medication to control it due to liver and stomach conditions.  (AR 40.)  Thus, the Court finds this justification questionable.

        3.   <u>Failure to attend consultative examination</u>

The ALJ found that Plaintiff's failure to attend a consultative internal medicine examination on March 5, 2008--despite two reminder notices and without any reason for not attending--undermined Plaintiff's credibility.  (AR 18, 20.)  This justification is not convincing, either.  Though a claimant's failure to attend a consultative examination can support a finding that the claimant is not disabled, that inference is only proper where the claimant does not have a "good reason" for not attending.  20 C.F.R. § 416.918(a).

Here, Plaintiff testified that he failed to attend the examination because he had not received notice of the scheduled exam.  (AR 642.)  Though the ALJ heard this testimony, he overlooked it in his decision, finding that Plaintiff had failed to offer any explanation.  (AR 18, 20.)  This was error.  Further, under the regulations, not receiving notice of an examination constitutes a "good reason" not to attend.  20 C.F.R. § 416.918(b)(2).  Because the ALJ ignored Plaintiff's explanation for not attending the examination and because the explanation amounted to a good reason for missing the

appointment, the Court rejects this justification for questioning Plaintiff's credibility.

    4. <u>History of Incarceration</u>

The ALJ found that Plaintiff "has a history of incarceration which erodes his credibility." (AR 20.) Generally speaking, a finding that a claimant has suffered past convictions involving dishonesty may properly be used to find a claimant not credible. *See*, *e.g.*, *Albridez v. Astrue*, 504 F. Supp.2d 814, 822 (C.D. Cal. 2007) (holding adverse credibility finding may be based on prior convictions involving moral turpitude); *Buck v. Astrue*, 2011 WL 2600505, at *11 (W.D. Wash. June 28, 2011) (noting prior history of crimes involving dishonesty has "strong bearing on credibility"). Here, however, the ALJ did not make any findings regarding the nature of Plaintiff's past conviction. Further, there is nothing in the record to explain what Plaintiff was convicted of and whether it was a felony or a misdemeanor. Absent some evidence as to the nature of his conviction, the Court cannot say that it is a convincing reason to discredit Plaintiff's testimony.[2]

    5. <u>Daily Activities</u>

The ALJ found that Plaintiff's daily activities were inconsistent with his alleged limitations, noting that the activities were "not compromised by any of his medical impairments, except for overhead lifting," that there was no evidence that Plaintiff could not maintain his hygiene, and that he remained capable of taking care of his

---

[2] Plaintiff noted on his disability application that he had not been convicted of a felony. (AR 118.) The only reference to his incarceration is on a physical therapy progress note, which notes that Plaintiff received physical therapy in prison for four months, apparently some time in 2005 or 2006. (AR 571.)

personal and business affairs. (AR 20.) These are not convincing reasons for discounting Plaintiff's testimony.

Plaintiff reported that he did some yard work and walked two blocks to buy the L.A. Times each day, but that he needed help with cooking and cleaning and that he could not sit for long periods of time or lift more than 15 pounds. (AR 154-58.) These activities are not inconsistent with Plaintiff's claims that he was unable to get around well enough to be able to work. *See*, *e.g.*, *Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001) (overruling ALJ's finding that claimant was not credible when she claimed that she could not work because she could perform daily activities where extent of daily activities did not suggest that she performed them a substantial part of the day or that they would transfer to work setting). As such, this reason is rejected.

### 6. Hearing Demeanor

The ALJ found that Plaintiff's demeanor at the administrative hearing was inconsistent with his claimed restrictions and limitations. (AR 20.) Though an ALJ may base an adverse credibility finding on his observations of a claimant during the administrative hearing where, for example, the claimant displays symptoms that are inconsistent with the medical evidence, *see Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999), the ALJ may not use the fact that a claimant *fails* to manifest symptoms of his alleged pain as a basis for discrediting his testimony. *See Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985). That is what the ALJ appears to have done here. Furthermore, the ALJ failed to describe Plaintiff's demeanor or to explain how it was at odds with his alleged symptoms. Nor does the transcript reveal any clue as to what Plaintiff was doing that

undermined his claimed impairments. As such, this reason is not convincing, either.

### 7. No Mental Health Treatment

The ALJ noted that Plaintiff's failure to undergo mental health treatment called into question his credibility. The Court is at a loss to understand how this finding diminishes Plaintiff's credibility where Plaintiff was not alleging that he suffers from a mental impairment. Thus, this ground is rejected.

### 8. Work as a Furniture Mover After Alleged Onset Date

Plaintiff alleged an onset date of January 1, 1990. The ALJ found that Plaintiff had worked as a furniture mover from 1994 to 2004, and concluded that that fact cut into his credibility. (AR 20.) The Court agrees. Plaintiff's ability to work as a furniture mover for ten years during the time he was allegedly so incapacitated he was not capable of doing much of anything really undermines Plaintiff's testimony. As Plaintiff explained, he was lifting and carrying things like desks and filing cabinets on this job. (AR 49.) This is defined as very heavy work. (AR 49.) And he did it for more than 100 days a year (assuming his numbers are right and he was making about $8,000 a year, working eight hours a day for nine dollars an hour). The fact that he was able to perform this work certainly calls into question his claims in, for example, his pain questionnaire that he was hurt in 1984 and that, beginning in 1990, the pain from his injuries seriously affected his activities. (AR 153-54.) Thus, this was a good reason for the ALJ to question Plaintiff's credibility and is supported by substantial evidence in the record.

       9.   <u>Failure to Disclose Furniture Moving Job on Social Security Application</u>

The ALJ also questioned Plaintiff's credibility based on the fact that he had failed to disclose that he worked as a furniture mover on the forms he submitted to the Agency in connection with his application for benefits. (AR 20.) Generally speaking, this is a valid reason for discounting a claimant's testimony. *See*, *e.g.*, *Smith v. Barnhart*, 2003 WL 22862663, at *5-6 (N.D. Cal. Dec. 2, 2003); *but see Hostrawser v. Astrue*, 364 Fed. App'x 373, 377 (9th Cir. 2010) (holding claimant's non-disclosure of income earned both before and after disability application was "just one discrepancy [that was] unrelated to the medical symptoms and physical limitations at issue in this case.") The problem here is that, although Plaintiff failed to include this information on the forms, he did volunteer it at the administrative hearing without prompting. (AR 35, 45-47.) The Agency, apparently, was not aware that Plaintiff had performed this work and, it seems, had no way of discovering it absent Plaintiff's admission because Plaintiff was being paid "off the books." (AR 45-47, 124.) Under these circumstances, it is hard to endorse the ALJ's finding that Plaintiff's unsolicited admission that he had worked while he was allegedly disabled establishes that he was lying when he failed to identify the job on the forms that he submitted. If anything, his admission seems to demonstrate the opposite. As such, the Court does not find this reason very convincing.

       10.   <u>Failure to File Tax Returns</u>

The ALJ also based his adverse credibility finding on the fact that Plaintiff failed to report his earnings from the furniture moving job to the IRS. (AR 20.) Here, the Court agrees with the ALJ.

Plaintiff testified that he earned approximately $8,000 a year as a furniture mover, but that he never filed tax returns reporting this income. (AR 46-47.) Plaintiff's failure to report this income is a valid reason for questioning his credibility, *see*, *e.g.*, *Berger v. Astrue*, 516 F.3d 539, 546 (7th Cir. 2008) (holding claimant's failure to report income on tax returns supported ALJ's adverse credibility determination), and is supported by the record.

11.  <u>This Case Warrants Further Analysis</u>

In the end, of the ten reasons cited by the ALJ for rejecting Plaintiff's testimony, the Court finds that two are valid and convincing--the fact that Plaintiff was working as a furniture mover for ten years despite his claimed disability and the fact that he failed to report his income to the IRS--and eight are not.[3] The issue that remains is whether these two reasons are enough to uphold the ALJ's decision. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (stating that the "relevant inquiry . . . is whether the ALJ's decision remains legally valid," despite errors in the credibility analysis). Obviously, it is not simply a numbers game in which, because the Court rejected the majority of the ALJ's reasons, remand is required. This is particularly so in this case because the fact that Plaintiff was able to perform very heavy work

---

[3] The Agency asserts that several other grounds support the ALJ's credibility finding. It argues, for example, that Plaintiff presented no evidence of disability prior to September 2005, that his treatment was conservative and routine, and that the consultative examining physician's findings were unremarkable. (Joint Stip. at 9-11.) The ALJ never cited these reasons for rejecting Plaintiff's credibility, however, and, for that reason, the Court may not consider them. *Pinto v. Massanari*, 249 F.3d 840, 848-849 (9th Cir. 2001) (explaining court cannot affirm ALJ's decision for reason not specified by ALJ in his decision).

for ten years while supposedly disabled seems almost overwhelming proof that his claims are contrived. Ultimately, however, the Court is convinced that remand for further proceedings is warranted. This will allow the ALJ to make a determination in the first instance whether he would have found Plaintiff incredible based on these two reasons alone. It will also give Plaintiff and his counsel an opportunity to re-evaluate their position and seek, perhaps, to amend the application to allege an onset date after Plaintiff stopped working as a furniture mover. (In fact, he may not be eligible for benefits during at least part of this period because the work likely qualified as substantial gainful activity.) Thus, though the Court finds this a close case, it concludes that the more prudent course here is for remand to allow the Agency and the Plaintiff to address these issues.[4]

---

[4] Plaintiff asks the Court to remand the case for an award of benefits. The Court recognizes it has the authority to do so, see *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989), but concludes that that relief is not warranted here. As explained above, it is not clear to the Court from the record before it that Plaintiff is, in fact, credible or that he is disabled. Further proceedings are necessary to flesh this out. See *Harman v. Apfel*, 211 F.3d 1172, 1180-81 (9th Cir. 2000) (holding remand for further proceedings was appropriate where the record contained additional unanswered questions regarding the applicant's eligibility for benefits).

## IV. CONCLUSION

For the foregoing reasons, the Agency's decision is reversed and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

IT IS SO ORDERED.

DATED: September 26, 2011

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\CISNEROS, G 4940\memo opin and order.wpd